# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LOUISIANA STATE                                                  CIVIL ACTION
on behalf of insured(s)/assignor(s)/subrogor(s)
CATHY GREEN-MINER AND
WAYNE MINER

VERSUS                                                           No.  13-3254

AMERICAN NATIONAL PROPERTY &                                     SECTION I (3)
CASUALTY COMPANY ET AL.

### ORDER

The above-captioned case, a severed action that is part of the "Road Home" litigation, presents the same issues related to subject matter jurisdiction that resulted in the remand of Civil Action Nos. 13-3047 and 13-3050, decided by U.S. District Judge Lemmon and U.S. District Judge Berrigan, respectively.[1] The Court has been advised that the final orders remanding those cases for lack of subject matter jurisdiction have been appealed to the U.S. Court of Appeals for the Fifth Circuit and  an expedited review procedure pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, as codified at 28 U.S.C. § 1453(c), has been requested.

The Court finds that the interests of justice and judicial economy would be best served by staying the above-captioned matter and waiting to apply the law as clarified by the Fifth Circuit. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (Cardozo, J.) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

---

[1] All of the other Road Home cases before those judges were also remanded. Although the docketing process for these appeals appears to be ongoing, the Fifth Circuit has already docketed at least one application for appeal. *See* Petition for Appeal Under 28 U.S.C. § 1453(c), *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, No. 13-90048 (5th Cir. Sept. 24, 2013).

The Fifth Circuit has affirmed a district court's power to decide *sua sponte* to stay a case while a related matter is litigated. *See In re Beebe*, 1995 WL 337666, at *3 (5th Cir. May 15, 1995) ("There is nothing per se impermissible . . . about staying a lawsuit until after another related action has been tried."). Especially in light of the expedited appellate procedure provided by CAFA, the Court finds that a stay in this case would be neither immoderate nor of an indefinite duration. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

The Court has carefully considered (1) the potential for hardship and inequity imposed on the parties by proceeding with the action, (2) whether prejudice will result if a stay is imposed, and (3) the interests of judicial economy. *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at *2 (E.D. La. Mar. 5, 2013) (Milazzo, J.). Although the parties have not moved for a stay,[2] the hardship of proceeding with all 1,504 severed Road Home cases before more than a dozen judges is certainly significant. Likewise, no prejudice is likely to result from ensuring that this case is decided in a manner that is consistent with the hundreds of other cases being appealed to the Fifth Circuit. Finally, the interests of judicial economy are obviously served by imposing a stay because this Court will be bound by the Fifth Circuit's ruling on the issue of subject matter jurisdiction.

Accordingly,

---

[2] It should be noted that during the telephone status conference on September 24, 2013, the Court advised the parties that it would be issuing this order to stay the proceedings, and none of the parties made any complaint or objection.

**IT IS ORDERED** that the above-captioned case be **STAYED** and **ADMINISTRATIVELY CLOSED**. Any party may file a written motion to re-open the case within 15 days of a final disposition by the U.S. Court of Appeals for the Fifth Circuit relative to the subject matter jurisdiction issue.

New Orleans, Louisiana, September 26, 2013.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**